**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

LYNN ZELVIN, on behalf of himself and
all others similarly situated,

                      Plaintiff,              CASE NO.: 1:23-cv-8022 (JGLC)

                                       **<u>ORAL ARGUMENT REQUESTED</u>**

v.

H HERITAGE, INC.,

                      Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**DEFENDANT H HERITAGE, INCORPORATED'S**
**MEMORANDUM OF LAW IN SUPPORT OF ITS**
**MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

**Table of Contents**

Table of Contents ...................................................................................................... i

Table of Authorities ................................................................................................. ii

Introduction ............................................................................................................. 1

Background .............................................................................................................. 2

Argument ................................................................................................................. 3

I.      Standard of Review for Dismissal Pursuant to Rule 12(b)(1) and (2) ............................. 3

II.     This Court lacks subject matter jurisdiction because Plaintiff fails to allege a constitutional basis for standing ................................................................................. 4

       A.    Plaintiff fails to state a concrete injury under Second Circuit authority ................. 5

       B.    The broader context undermines the plausibility of Plaintiff's claimed injuries ................................................................................ 8

III.    Defendant is not subject to personal jurisdiction in New York. ............................. 9

       A.    Plaintiff fails to plausibly allege Defendant transacted business within New York. ................................................................................ 10

       B.    The Court's exerting personal jurisdiction does not comport with principles of Due Process. ................................................................................ 13

Certificate of Service ............................................................................................... 16

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Access Now, Inc. v. Otter Products, LLC*,
    280 F. Supp. 3d 287 (D. Mass. 2017) ........................................................................13

*Access Now, Inc. v. Sportswear, Inc.*,
    298 F. Supp. 3d 296 (D. Mass. 2018) ........................................................................13

*Alibaba Grp. Holding Ltd. v. Alibabacoin Found.*,
    No. 18-cv-2897, 2018 WL 2022626 (S.D.N.Y. Apr. 30, 2018) .............................11

*Asahi Metal Indus. Co. v. Superior Court*,
    480 U.S. 102 (1987)...................................................................................................14

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009).....................................................................................................4

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007)..................................................................................................4, 7

*Best Van Lines, Inc. v. Walker*,
    490 F.3d 239 (2d Cir. 2007)....................................................................................9, 10

*Burger King Corp. v. Rudzewicz*,
    471 U.S. 462 (1985)...................................................................................................15

*Calcano v. Swarovski N. America Ltd.*,
    36 F.4th 68 (2d Cir. 2022) ................................................................................. *passim*

*Camacho v. Vanderbilt University*,
    18-cv-10694, 2019 WL 6528974 (S.D.N.Y Dec. 4, 2019)................................10, 11

*Chloe v. Queen Bee of Beverly Hills, LLC*,
    616 F.3d 158 (2d Cir. 2010)........................................................................4, 9, 12, 14

*Cortlandt St. Recovery Corp v. Hellas Telecomms. S.A.R.L.*,
    790 F.3d 411 (2d Cir. 2015)....................................................................................3, 4

*DeLorenzo v. Viceroy Hotel Group, LLC*,
    757 F. App'x 6 (2d Cir. 2018) ..................................................................................10

*Diaz v. Kroger Co.*,
    No. 18-cv-7953, 2019 WL 2357531 (S.D.N.Y. June 4, 2019) ..................................2

*Fontanez v. Valley Lahvosh Baing Co., Inc.*
    No. 22-cv 5537, 2023 WL 5390212 (S.D.N.Y. Aug. 22, 2023)...................................6, 7, 8, 9

*Guglielmo v. JEGS Automotive, Inc.*,
    No. 20-cv-5376, 2021 WL 1026168 (S.D.N.Y. Mar. 17, 2021)...................................... *passim*

*Harty v. W. Point Realty, Inc.*,
    28 F.4th 435 (2d Cir. 2022) ...............................................................................1, 5

*Helicopteros Nacionales de Colombia, S.A. v. Hall*,
    466 U.S. 408 (1984)...............................................................................14

*Int'l Shoe Co. v. Washington*,
    326 U.S. 310 (1945)...............................................................................13

*Kennedy v. Floridian Hotel, Inc.*,
    998 F.3d 1221 (11th Cir. 2021) ...............................................................................5

*Kreisler v. Second Ave. Diner Corp.*,
    731 F.3d 184 (2d Cir. 2013)...............................................................................5, 8, 9

*Laufer v. Dove Hess Holdings, LLC*,
    No. 20-cv-379, 2020 WL 7974268 (N.D.N.Y. Nov. 18, 2020)...................................9

*Loadholt v. Dungarees, Inc.*,
    No. 22-cv-4699, 2023 WL 2024792 (S.D.N.Y. Feb. 15, 2023) ...................................5, 6

*Loadholt v. Game Goblins, LLC*,
    No. 22-CV-7367, 2023 WL 6066220 (S.D.N.Y. Sept. 18, 2023)...................................5, 8

*Lujan v. Defs. of Wildlife*,
    504 U.S. 555 (1992)...............................................................................4

*Monegro v. Street Insider Dot Com Inc.*,
    No. 21-cv-3339, 2022 WL 445797 (S.D.N.Y. Feb. 11, 2022) ...................................3, 4

*RLP Ventures LLC v. All Hands Instruction NFP*,
    2019 WL 1316030 (S.D.N.Y. Mar. 22, 2019) ...................................15

*Savage Universal Corp. v. Grazier Const., Inc*,
    No. 4-cv-1089, 2004 WL 1824102 (S.D.N.Y. Aug. 13, 2004)...................................11

*Spin Master Ltd. v. 158*,
    463 F. Supp. 3d 348 (S.D.N.Y. 2020)...................................11, 12

*Spokeo, Inc. v. Robins*,
    578 U.S. 330 (2016)...............................................................................4

*TransUnion LLC v. Ramierez*,
    494 U.S. 413 (2021) .................................................................................................5

*Walden v. Fiore*,
    517 US. 277 (2014) .........................................................................................14, 15

*Zelvin v. Aurora Shoe Company*,
    23-cv-08006 (S.D.N.Y. Sept. 11, 2023) ...............................................................8

*Zelvin v. French's Shoes & Boots*,
    23-cv-08020 (S.D.N.Y. Sept. 11, 2023) ...............................................................8

*Zelvin v. OCS, Inc.*,
    23-cv-08023 (S.D.N.Y. Sept. 11, 2023) ...............................................................8

*Zelvin v. Stephen Alan Holdings*,
    23-cv-08009 (S.D.N.Y. Sept. 11, 2023) ...............................................................8

**Statutes**

28 U.S.C. § 794d ..........................................................................................................2

42 U.S.C. § 12102(1)–(2) ............................................................................................2

42 U.S.C. § 12181(7) ...................................................................................................1

**Other Authorities**

Fed. R. Civ. P. 12(b)(1) ...........................................................................................1, 3

Fed. R. Civ. P. 12(b)(2) ...............................................................................................4

N.Y. C.P.L.R. § 302(a)(1) .....................................................................................10, 11

Defendant H Heritage, Inc. respectfully submits this Memorandum of Law in support of its Motion to Dismiss Plaintiff's Complaint, dated September 11, 2023, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(2).

## INTRODUCTION

Plaintiff, "a visually-impaired and legally blind person," contends H Heritage's Alabama website is a "place of public accommodation" under Title III of the American Disabilities Act, 42 U.S.C. § 12181(7). Through boilerplate allegations, Plaintiff maintains Defendant failed to operate its website in compliance with the requirements for such a public accommodation, but Plaintiff fails to allege any legitimate business relationship with H Heritage. Even accepting Plaintiff's well-pleaded allegations as true, (1) Plaintiff lacks standing to assert the instant claims, and (2) H Heritage is not subject to personal jurisdiction in New York. Plaintiff's Complaint should be dismissed with prejudice.

This action is one of hundreds filed in this Court using primarily form complaints and boilerplate language to state almost identical allegations and theories that defendant businesses are operating inaccessible websites and thus violating basic equal access requirements under state and federal law through discriminating against blind and visually impaired customers. Although Plaintiff does not self-identify as a "tester," the circumstances precipitating this action tell a different story. As of January 19, 2024, Plaintiff's counsel has filed over 1,000 form complaints in this Court, with approximately 43 of those on behalf of this Plaintiff. Many of these cases settle quickly. This scheme manipulates the intentions of ADA requirements, targeting unsuspecting businesses that operate online platforms. Absent a concrete injury, the Second Circuit has held a plaintiff's posture as a "tester" is insufficient to establish standing. *See Harty v. W. Point Realty, Inc.*, 28 F.4th 435, 444 n.3 (2d Cir. 2022).

1

## BACKGROUND

H Heritage, an Alabama corporation, owns and operates Holtz Leather Company in Huntsville, Alabama.  Complaint at ¶ 17.  Plaintiff is a New York resident who alleges he is "legally blind and a member of a protected class under the ADA." *Id.* at ¶ 15, 16; *see* 42 U.S.C. § 12102(1)–(2).  He brings this lawsuit on behalf of himself, and all other persons similarly situated.  Complaint, at ¶ 1.  Plaintiff alleges H Heritage's operating Holtzleather.com[1] violates the ADA because it contains significant access barriers that make it difficult for blind and visually impaired customers to use the website.  *Id.* at ¶¶ 4–8, 27–35.

Plaintiff notes blind users utilize "keyboards in conjunction with screen-reading software," such as "Job Access With Speech, otherwise known as JAWS," to access information on computer screens.  *Id.* at ¶¶ 20–22.  When accessing Defendant's website, Plaintiff alleges he was using JAWS.  *Id* at ¶ 32.  Plaintiff alleges version 2.1 of the Web Content Accessibility Guidelines ("WCAG 2.1"), published by the World Wide Web Consortium ("W3C"), are "well-established guidelines for making websites accessible to blind and visually-impaired persons" and that these "guidelines are universally followed."  *Id.* at ¶ 23.  He additionally alleges the federal government "promulgated website accessibility standards under Section 508 of the Rehabilitation Act."  *Id*; *see* 28 U.S.C. § 794d (codifying Section 508 promulgating website accessibility standards for *federal departments and agencies*).  Plaintiff does not allege WCAG 2.1 is mandated by law, nor that Section 508 applies to H Heritage.  *See* Complaint, at ¶ 23.

Plaintiff alleges he "browsed and intended to make an online purchase of a wallet on Holtzleather.com" and that he "likes high-quality leather products and wanted to buy a new,

---

[1] https://www.holtzleather.com/.  The Court may review the Website itself. *See Diaz v. Kroger Co.*, No. 18-cv-7953, 2019 WL 2357531, at *7 n.10 (S.D.N.Y. June 4, 2019) (conducting independent review of website reference in complaint to resolve factual dispute).

durable wallet."  Complaint, at ¶ 10.  He further alleges he "analyz[ed] the Defendant's website" and "decided to purchase the Leather Bifold Money Clip Front Pocket Wallet." *Id.*  Yet despite his ability to analyze the website, he "was unable to complete the purchase independently because of the many access barriers on Defendant's website." *Id.* at ¶¶ 10, 36.  Plaintiff alleges he "made numerous attempts to complete a purchase on Holtzleather.com," first on August 30, 2023, and again on August 31, 2023, less than two weeks before the instant lawsuit was filed. *Id.* at ¶ 36. Although he summarily describes general website accessibility difficulties and cites specific accessibility issues with Holtzleather.com overall, he fails to identify which accessibility issues rendered him "unable to complete the purchase independently." *Id.* at ¶ ¶ 29–34, 36.

## ARGUMENT

### I.    Standard of Review for Dismissal Pursuant to Rule 12(b)(1) and (2)

Dismissal pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction is appropriate when the court "lacks the statutory or constitutional power to adjudicate it, such as when . . . plaintiff lacks constitutional standing to bring the action." *Cortlandt St. Recovery Corp v. Hellas Telecomms. S.A.R.L.*, 790 F.3d 411, 416–17 (2d Cir. 2015) (internal quotations and citation omitted); FED. R. CIV. P. 12(b)(1).  To survive a motion to dismiss, Plaintiffs' Complaint must "alleg[e] facts that affirmatively and plausibly suggest that the plaintiff has standing to sue." *Calcano v. Swarovski N. America Ltd.*, 36 F.4th 68, 75 (2d Cir. 2022) (cleaned up).

"A motion to dismiss for lack of subject matter jurisdiction may raise a facial challenge based on the pleadings, or a factual challenge based on extrinsic evidence." *Monegro v. Street Insider Dot Com Inc.*, No. 21-cv-3339, 2022 WL 445797, at * 2 (S.D.N.Y. Feb. 11, 2022) (internal quotations omitted).  Plaintiff's Complaint collapses under both facial and factual attacks.

To the extent Defendant contends Plaintiff's allegations facially fail, the Court accepts as true all material allegations of the complaint and construe them in favor of the plaintiff, but the

Court "need not credit 'a legal conclusion couched as a factual allegation' or a 'naked assertion devoid of further factual enhancement.'"  *Calcano*, 36 F.th at 75 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)); *see also See Cortlandt St.*, 790 F.3d at 417.  A "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (cleaned up).

On the other hand, where a "jurisdictional challenge is fact-based, the defendant may proffer evidence beyond the pleading."  *Monegro,* 2022 WL 445797, at * 2 (cleaned up).  When the Court reviews a challenge to the factual underpinnings of allegations, "no presumptive truthfulness attaches to the complaint's jurisdictional allegations, and the burden is on the plaintiff to satisfy the Court, as fact-finder, of the jurisdictional facts."  *Id.* (internal quotations omitted).

To survive a motion to dismiss for lack of personal jurisdiction, Plaintiff must make a prima facie showing of personal jurisdiction over Defendant.  FED. R. CIV. P. 12(b)(2); *Chloe v. Queen Bee of Beverly Hills, LLC*, 616 F.3d 158, 163 (2d Cir. 2010).

## II.    This Court lacks subject matter jurisdiction because Plaintiff fails to allege a constitutional basis for standing.

To establish Article III standing, Plaintiff must have "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of [Defendant], and (3) that is likely to be redressed by a favorable judicial decision."  *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016).  The alleged injury in fact must be "concrete and particularized" and "actual or imminent, not conjectural or hypothetical."  *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992) (internal quotations omitted).

"In the ADA context, [the Second Circuit has] previously found standing (and therefore an injury in fact) where (1) the plaintiff alleged past injury under the ADA; (2) it was reasonable to infer that the discriminatory treatment would continue; and (3) it was reasonable to infer, based on

4

the past frequency of plaintiff's visits and the proximity of defendants' [business] to plaintiff's home, that plaintiff intended to return to the subject location." *Kreisler v. Second Ave. Diner Corp.*, 731 F.3d 184, 187–88 (2d Cir. 2013). In the digital context, when Plaintiff challenges access to an online platform, he must prove the third element for standing by alleging "non-conclusory, plausible factual allegations from which it is reasonable to infer, based on the past frequency of visits and the plaintiff's articulated interest in the products or services available on the particular website, that the plaintiff intends to return to the website." *Loadholt v. Game Goblins, LLC*, No. 22-CV-7367, 2023 WL 6066220, at *2 (S.D.N.Y. Sept. 18, 2023) (quoting *Loadholt v. Dungarees, Inc.*, No. 22-cv-4699, 2023 WL 2024792, at *2 (S.D.N.Y. Feb. 15, 2023)); *see also W. Point Realty, Inc.*, 28 F.4th at 443. Plaintiff's well-pled allegations cannot satisfy this burden.

### A.    Plaintiff fails to state a concrete injury under Second Circuit authority.

Where Plaintiff merely presents "conclusory allegations of intent to return and proximity," he fails to establish a "'material risk of future harm' that is 'sufficiently imminent and substantial.'" *Calcano*, 36 F.4th at 72 (quoting *TransUnion LLC v. Ramierez*, 494 U.S. 413, 415 (2021)). The Second Circuit in *Calcano*, considered whether plaintiffs in five consolidated actions had standing to assert claims under the ADA for defendants' failing to carry braille gift cards. *Id.* at 71. Specifically, building on the foundation established in *Kreisler v. Second Avenue Diner Corporation*, the Court expanded on the Second Circuit's ADA standing precedent, focusing on the third factor—plaintiff's intent to return to defendant's business based on past visits and proximity. *See Calcano*, 36 F.4th at 75 (citing *Kreisler*, 731 F.3d 184). The Court explained "the central inquiry is not whether a complaint pleads the magic words that a plaintiff 'intends to return,' but if, 'examined under the totality of all relevant facts,' the plaintiff plausibly alleges 'a real and immediate threat of future injury.'" *Id.* (quoting *Kennedy v. Floridian Hotel, Inc.*, 998

F.3d 1221, 1223 (11th Cir. 2021)).    Citing plaintiff's vague assertions, the *Calcano* court emphasized that conclusory recitation of the factors considered in *Kreisler* is insufficient to satisfy standing.  *See id.* at 75–76.  Whereas the plaintiff in *Kreisler* "lived within several blocks of the [business], passed by it three to four times a week, and frequented [similar businesses] in his neighborhood often," each of plaintiff's complaints in *Calcano* recited identical conclusory assertions attempting to fall within the parameters defined in *Kreisler*.  *Id.* at 76.

This Court in *Fontanez v. Valley Lahvosh Baing Co., Inc.*, applied the *Calcano* analysis in a similar fashion.  No. 22-cv-5537, 2023 WL 5390212, at *1 (S.D.N.Y. Aug. 22, 2023).  In *Fontanez*, plaintiff filed a putative class action alleging defendant, who sold crackerbreads and crackers, maintained its website in violation of the ADA regarding accessibility for visually impaired and legally blind people.  *Id.*  The Court held plaintiff lacked standing to assert the claim because he did not allege "how he learned of the Website, why he was so interested in acquiring heart-shaped crackers in various flavors from this Website, or whether he searched for comparable crackers elsewhere."  *Id.* at *2 (citing *Calcano*, 36 F.4th at 76–77); *see also Dungarees, Inc.*, 2023 WL 2024792, at *3 (dismissing complaint that failed to "allege the genesis for [plaintiff's] sudden need or want for 'belts' and 'jackets,' or that [defendant] is the only retailer that sells the particular belts and jackets he wants, or that he has searched for comparable belts and jackets but has been unable to find them at a comparable price point").  Moreover, the Court cast doubt on plaintiff's "purported interest" in returning to defendant's website to purchase items and learn about defendant's other products, noting the allegations were "vague, lacking in support, and d[id] not plausibly establish that [plaintiff] intended to return" to the website.  *Fontanez*, 2023 WL 5390212, at *2 (cleaned up).  At bottom, the *Fontanez* complaint alleged "barebones allegations" and failed

to "'nudge' [plaintiff's] claims 'across the line from conceivable to plausible.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

*Fontanez* and *Calcano* are directly on point. Plaintiff's "threadbare assertions are conclusory and do not raise a reasonable inference of injury;" accordingly, they fail as a matter of law. *Calcano*, 36 F.4th at 76. Plaintiff alleges he visited Defendant's website twice to purchase a leather wallet because he "likes high-quality leather products and wanted to buy a new, durable wallet." Complaint, at ¶¶ 10, 36. He alleges "[h]e was searching on Google for an online store that offers leather accessories," and "decided to purchase the Leather Bifold Money Clip Front Pocket Wallet," sold by Defendant. *Id.* at ¶ 10. He, however, was allegedly "unable to complete the purchase independently because of the many access barriers on Defendant's website." *Id.* at ¶ 36. Plaintiff further alleges "he will visit the website again immediately upon Defendant correcting the numerous accessibility barriers on it" because he "likes and collects leather accessories such as wallets, notecases, purses, etc. And would like to order products to be shipped directly from his home from the Defendant's website because he liked the design and the prices." *Id.* at ¶ 37. These vague, brief statements provide the full extent of Plaintiff's alleged interactions with Defendant's website. *See id.* at ¶¶ 10, 36–37.

As in *Fontanez*, Plaintiff's allegations here do not plausibly allege his sudden need or want for a leather wallet, or that Defendant is the only retailer selling the particular wallet he wants, or that he searched for comparable wallets but was unable to find them at a comparable price point. Complaint, at ¶¶ 10, 36–37; *see Fontanez*, 2023 WL 5390212, at *2. Plaintiff does not articulate or allege Defendant's website was better quality or price point than other businesses that sell leather goods, nor does he allege what necessarily drove him to land on Defendant's website. *See* Complaint, ¶¶ 10, 36–37. That Plaintiff visited Defendant's website only twice in the days

7

leading up to the filing of this lawsuit calls into question the plausibility of his intent to return.  *See Game Goblins, LLC*, 2023 WL 6066220, at *2 (questioning plausibility of allegations based on past frequency of visiting defendant's business).  During those two attempts Plaintiff maintains he was able to "analyz[e] the Defendant's website," but problems only arose after he viewed the leather accessories Defendant sells and identified what he wanted to purchase.  Complaint, at ¶ 10, 36–37.  Besides Plaintiff's limited frequency interacting with Defendant's website, Plaintiff's allegation that he intends to return to the website is simply a naked profession.  This conclusory basis fails to establish a "real and immediate threat of repeated injury."  *Kreisler*, 731 F.3d at 198; *Fontanez*, 2023 WL 5390212, at *2.

**B.    The broader context undermines the plausibility of Plaintiff's claimed injuries.**

Although Plaintiff's barebones allegations should alone result in dismissal, it is imperative the Court also consider the broader context of Plaintiff's Complaint, which weakens his alleged claims.  *See Calcano*, 36 F.4th at 77 ("[The Court] cannot ignore the broader context of [p]laintiffs' transparent cut-and-paste and fill-in-the-blank pleadings."); *Fontanez*, 2023 WL 5390212, at *3 ("The broader context with which [plaintiff] has prosecuted this action—and others—further undermines his assertions of claimed injury.").

Plaintiff allegedly visited Defendant's website twice, first on August 30, 2023, and again on August 31, 2023.  Complaint, at ¶ 36.  This action was filed eleven days later, September 11, 2023.  *See generally id.*  That same day, Plaintiff filed four other actions in this District, alleging the exact same causes of actions.  *See Zelvin v. Aurora Shoe Company*, 23-cv-08006 (S.D.N.Y. Sept. 11, 2023); *Zelvin v. French's Shoes & Boots*, 23-cv-08020 (S.D.N.Y. Sept. 11, 2023); *Zelvin v. OCS, Inc.*, 23-cv-08023 (S.D.N.Y. Sept. 11, 2023); *Zelvin v. Stephen Alan Holdings*, 23-cv-08009 (S.D.N.Y. Sept. 11, 2023).  But Plaintiff did not stop there.  He has since filed 38 additional lawsuits involving identical theories of liability, merely changing minor details regarding

defendants. "When a series of 'carbon-copy complaints' have been filed, courts should consider 'the broader context of Plaintiffs' transparent cut-and-paste and fill-in-the-blank pleadings." *Fontanez*, 2023 WL 5390212, at \*3 (quoting *Calcano*, 36 F.4th at 77); *see also Laufer v. Dove Hess Holdings, LLC*, No. 20-cv-379, 2020 WL 7974268, at \*11 (N.D.N.Y. Nov. 18, 2020) (explaining plaintiff fails to allege concrete and particularized injury when he "discovers and is offended by ADA violations on a website, but that website has no actual, specific relevance to that particular plaintiff beyond the plaintiff's desire to seek out and remedy ADA violations").

Each of Plaintiff's complaints exhibit "Mad-lib style" pleading which further "confirms the implausibility of [his] claims of injury" in the instant case. *Calcano*, 36 F.4th at 77. Absent something more than Plaintiff's naked assertions, repeatedly strewn across pleadings in this Court, Plaintiff fails establish a "real and immediate threat of repeated injury." *Id*; *Kreisler*, 731 F.3d at 187. To allow such allegations to survive would disregard this Court's precedent and turn a blind eye to the underlying scheme hijacking ADA precedent.

Because Plaintiff lacks standing under the ADA, his state-based claims similarly fail.

## III.    Defendant is not subject to personal jurisdiction in New York.

Plaintiff's Complaint additionally fails because the Court lacks personal jurisdiction over Defendant. Defendant is an Alabama corporation, owned and operated in Huntsville, Alabama. Complaint, at ¶ 17. Accordingly, for the Court to determine it has personal jurisdiction over non-domiciliary Defendant in this case, the Court must conduct a two-step analysis, first applying New York's long-arm statute; and then, analyzing whether exerting personal jurisdiction over Defendant comports with the Due Process Clause of the United States Constitution. *See Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 243–44 (2d Cir. 2007). The underlying analysis on each prong turns on the strength of Defendant's contacts with New York. *See id; Chloe v. Queen Bee of Beverly Hills, LLC*, 616 F.3d 158, 164 (2d Cir. 2010). Plaintiff fails to plausibly allege Defendant

had any contacts with consumers in New York, so the Court would err to exert personal jurisdiction over Defendant.

A.    **Plaintiff fails to plausibly allege Defendant transacted business within New York.**

New York's long-arm statute provides that a court may exercise personal jurisdiction over a non-domiciliary defendant who "transacts any business within the state or contracts anywhere to supply goods or services in the state." N.Y. C.P.L.R. § 302(a)(1). To establish jurisdiction pursuant to this statute, Defendant "must purposefully avail itself of the privilege of conducting activities within New York, and there must be 'some articulable nexus between the business transacted in New York and the cause of action sued upon.'" *DeLorenzo v. Viceroy Hotel Group, LLC*, 757 F. App'x 6, 9 (2d Cir. 2018) (quoting *Best Van Lines*, 490 F.3d at 249) (cleaned up). In other words, Plaintiff must allege Defendant *actively* transacted business with consumers in New York.

"Operating a website that may be accessed from New York, without more, does not bring the operator within the jurisdiction of the New York court." *Camacho v. Vanderbilt University*, 18-cv-10694, 2019 WL 6528974, at *3 (S.D.N.Y Dec. 4, 2019). Although "purely passive" websites do not give rise to the required level of transaction to exert personal jurisdiction, a website need not be purely passive to fall outside the scope of the Court's reach. Notably, the Court has promulgated well-established precedent dictating that a website must do more than be merely accessible to residents of New York, explaining "the existence of an interactive 'patently commercial' website that can be accessed by New York residents is not sufficient to justify the exercise of personal jurisdiction unless some degree of commercial activity occurred in New York." *Guglielmo v. JEGS Automotive, Inc.*, No. 20-cv-5376, 2021 WL 1026168, at *3 (S.D.N.Y.

10

Mar. 17, 2021) (quoting *Alibaba Grp. Holding Ltd. v. Alibabacoin Found.*, No. 18-cv-2897, 2018 WL 2022626, at *4 (S.D.N.Y. Apr. 30, 2018)).

"[T]hat a New York consumer can purchase products from a company's website, without evidence that the consumer actually did make such purchases, does not alone establish personal jurisdiction." *Id.* at *4. In *Guglielmo*, plaintiff asserted similar ADA-based claims alleging non-domiciliary defendant's website transacted business in the state of New York and was subject to personal jurisdiction *Id.* at *1–*2. In support, plaintiff offered as evidence two pages from defendant's website that "offer[ed] guidance on New York sales tax for purchases made in New York." *Id.* at *4. The Court determined that, even considering the evidence, plaintiff failed to establish a prima facie showing of personal jurisdiction. *Id.* Specifically, it noted that without allegations of "actual sales to New York or even perhaps active solicitation of the New York market, it cannot be said that a defendant 'transacted business under N.Y. C.P.L.R. § 302(a)(1)." *Id.* (quoting *Spin Master Ltd. v. 158*, 463 F. Supp. 3d 348, 364 (S.D.N.Y. 2020)); *see also Camacho*, 2019 WL 6528974, at *5; *Savage Universal Corp. v. Grazier Const., Inc*, No. 4-cv-1089, 2004 WL 1824102, at *9 (S.D.N.Y. Aug. 13, 2004) ("It stretches the meaning of 'transacting business' to subject defendants to personal jurisdiction in any state merely for operating a website, however commercial in nature, that is capable of reaching customers in that state, without some evidence or allegation that commercial activity in that state actually occurred.").

This Court's position on jurisdiction over non-domiciliary defendants, like H Heritage, is further bolstered by understanding the distinguishable characteristics of Second Circuit precedent. In *Chloe v. Queen Bee of Beverly Hills, LLC*, the Court found it could exert personal jurisdiction over the non-domiciliary defendant based on "the single act of *an out-of-state defendant employee shipping an item into New York*, combined with his employer's *extensive business activity*

involving New York." 616 F.3d at 165 (emphasis added). Absent plausible allegations of one consummated business transaction or extensive business activities involving New York customers, personal jurisdiction cannot be established.

The jurisdictional allegations in Plaintiff's Complaint are even weaker than the plaintiff's allegations in *Guglielmo*. Here, Plaintiff alleges Defendant "provides to the public a website known as Holtzleather.com which provides consumers with access to an array of goods and services . . . . Consumers across the United States use Defendant's website to purchase leather goods." Complaint, at ¶ 18. He further alleges Defendant has "been conducting business in New York State" and that because Defendant allegedly targets business from New York residents, "it is not unusual for H Heritage to conduct business with New York residents." *Id.* at ¶ 14. And, "[a] substantial part of the act and omissions giving rise to Plaintiff's claims have occurred in this District." *Id.*

Plaintiff offers nothing more than conclusory allegations. He concedes that he did not transact any business with Defendant. *Id.* at 36 ("[H]e tried to purchase a wallet on August 30, 2023, and then he tried again on August 31, 2023. All these time *he was unable to complete the purchase*. . . ." (emphasis added)). And he does not plausibly allege any New York residents have purchased any items from Defendant, had any items shipped to New York, or have transacted any similar business. *See Spin Master*, 463 F. Supp. 3d at 364. Moreover, he does not allege Defendant advertises to New York residents or provides guidance for New York residents in purchasing items. *Cf. Guglielmo*, 2021 WL 1026168, at *3. Defendant did not solicit business from Plaintiff; rather, Plaintiff actively sought out Defendant. Complaint, at ¶ 10. Plaintiff's allegation that "it is not unusual for H Heritage to conduct business with New York residents," is without basis or

support.  *Id.* at ¶ 14.  In the light of Plaintiff's carbon copy complaints, his allegations regarding jurisdiction cannot be rendered plausible.

In attempt to support the exertion of personal jurisdiction, Plaintiff cites two cases that have merely persuasive authority on this Court.  Complaint, at ¶ 14 (*first quoting Access Now, Inc. v. Otter Products, LLC*, 280 F. Supp. 3d 287 (D. Mass. 2017); *then quoting Access Now, Inc. v. Sportswear, Inc.*, 298 F. Supp. 3d 296 (D. Mass. 2018)).  Both cases are analyzed under the Massachusetts long-arm statue and application of First Circuit precedent, but even accounting for the differing posture of these cases, the underlying facts are distinguishable.  In *Otter Products*, defendant was subject to personal jurisdiction because it had a field marketing representative in Massachusetts and two percent of defendant's sales occurred in Massachusetts.  *Otter Products, LLC*, 280 F. Supp. 3d at 290.  And in *Sportswear, Inc.*, personal jurisdiction was exerted over defendant because plaintiff submitted that defendant generated "3.78% of its annual revenue from online sales in the Commonwealth and feature[d] products bearing the names of Massachusetts schools, universities and athletic teams."  *Sportswear, Inc.*, 298 F. Supp. 3d at 301.  Both cases are inapposite in the light of Plaintiff's allegations.

## B.    The Court's exerting personal jurisdiction does not comport with principles of Due Process.

Whereas Plaintiff fails to plausibly allege a jurisdictional basis under New York's long-arm statute, the Court need not reach a due-process analysis.  That said, Due Process requires that an exertion of personal jurisdiction comport with "traditional notions of fair play and substantial justice."  *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).  Under this "reasonableness" analysis, the Court must consider:

(1) [T]he burden that the exercise of jurisdiction will impose on the defendant; (2) the interests of the forum state in adjudicating the case; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of the controversy; and (5) the shared interest of the states in furthering substantive social policies.

*Chloe*, 616 F.3d at 164–65 (citing *Asahi Metal Indus. Co. v. Superior Court*, 480 U.S. 102 (1987)). Even assuming consumers across the United States can purchase leather goods from Defendant's website, to extend personal jurisdiction "would make any company that made its purchases available for sale nationwide subject to personal jurisdiction in every state nationwide, regardless of whether a consumer made a purchase or the company made such sales." *Guglielmo*, 2021 WL 1026168, at *3

When a defendant does not purposefully reach beyond his home State into the forum State, the plaintiff cannot establish minimum contacts comporting with Due Process by merely "demonstrating contacts between the plaintiff (or third parties) and the forum State." *Walden v. Fiore*, 517 US. 277, 284 (2014); *see also Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 417 (1984) ("[The] unilateral activity of another party or a third person is not appropriate consideration when determining whether a defendant has sufficient contacts with a forum State to justify an assertion of jurisdiction."). In *Walden*, the Supreme Court rejected the plaintiff's attempt to establish jurisdiction in the forum State when defendant's allegedly tortious conduct occurred in an airport in a different State. *Walden*, 517 U.S. at 279, 290. The Court explained that, "[p]ut simply, however significant the plaintiff's contacts with the forum State may be," those contacts cannot detract from the focus of the Court's analysis, which is "the relationship among the defendant, the forum, and the litigation." *Id.* at 285, 287 (internal quotations omitted).

Like the defendant in *Walden*, Defendant here did not actively engage in any conduct in New York. Based on Plaintiff's allegations, Defendant was not physically present in the forum

State, did not advertise in the forum State, and did not plausibly transact business in the forum State. *Id.* H Heritage did nothing in New York to give rise to Plaintiff's cause of action. To extend personal jurisdiction in this instance would "raise significant due process questions" because due process requires "a degree of predictability to the legal system that allows potential defendants to structure their primary conduct with some minimum assurance as to where that conduct will and will not render them liable to suit." *Guglielmo*, 2021 WL 1026168, at *3. (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)); *see also RLP Ventures LLC v. All Hands Instruction NFP*, 2019 WL 1316030, at *4 (S.D.N.Y. Mar. 22, 2019) ("[E]xtending personal jurisdiction based on essentially de minimis contributions made from a website accessible in any jurisdiction would raise serious due process concerns." (internal quotations omitted)).

Just as the Supreme Court explained in *Walden*, "well-established principles of personal jurisdiction are sufficient to decide this case." *Walden*, 517 U.S. at 291. Because Plaintiff fails to show a foundation for Defendant's contacts with New York, the Court should not exert personal jurisdiction over Defendant.

## CONCLUSION

For the foregoing reasons, the Court should dismiss Plaintiff's claims against H Heritage.

Dated:  January 19, 2024

By:  */s/ C. Whittaker Steineker*
C. Whittaker Steineker
BRADLEY ARANT BOULT CUMMINGS LLP
One Federal Place
1819 Fifth Ave N
Birmingham, AL 25203
Phone: 205.521.8401
wsteineker@bradley.com

*Attorney for Defendant H Heritage, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on January 19, 2024, a true and correct copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system, which will send electronic notification of such filing to all counsel of record.

**MARS KHAIMOV, ESQ.**
MARS KHAIMOV LAW, PLLC
Attorneys for Plaintiff
100 Duffy Avenue, Suite 510
Hicksville, New York 1180` Tel: (929) 324-0717
Fax: (929) 333-7774
mars@khaimovlaw.com

*/s/ C. Whittaker Steineker*
OF COUNSEL