UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LYNN ZELVIN, on behalf of himself and all others similarly situated,

                Plaintiffs,

-against-

H HERITAGE, INC.,

                Defendant.

23-CV-8022 (JGLC)

**OPINION AND ORDER**

JESSICA G. L. CLARKE, United States District Judge:

      Lynn Zelvin, who is visually impaired and legally blind, attempted on three different occasions to buy a wallet on H Heritage's website. However, Zelvin was unable to purchase any goods due to the website's lack of accessibility for users who are visually impaired. Zelvin brought this action against H Heritage, claiming that its website violates the Americans with Disabilities Act, New York State Human Rights Law, and New York City Human Rights Law. H Heritage now moves to dismiss this action, claiming that Zelvin lacks standing to sue H Heritage and has failed to establish that this Court has personal jurisdiction over H Heritage. The Court disagrees. Instead, the Court finds that Zelvin has plausibly alleged he suffered a concrete injury sufficient to support standing and orders the parties to engage in limited jurisdictional discovery to determine whether H Heritage has conducted business within New York state. Accordingly, Defendant's motion to dismiss is DENIED.

## BACKGROUND

      The following facts are, unless otherwise noted, taken from the First Amended Complaint and presumed to be true for the purposes of this motion. *See LaFaro v. N.Y. Cardiothoracic Grp., PLLC*, 570 F.3d 471, 475 (2d Cir. 2009).

Defendant H Heritage, Inc. ("Defendant"), the owner and operator of "Holtzleather.com" (the "Website"), is an Alabama corporation with its principal place of business in Alabama. ECF No. 12 ("FAC") ¶¶ 14, 17. Plaintiff Lynn Zelvin ("Plaintiff") is an individual who is visually impaired and legally blind and who requires screen reading software to read website content using his computer. FAC at ¶¶ 2, 16, 32, 48. Plaintiff searched on Google for a "men's leather front pocket wallet" and subsequently found Defendant's Website, which offers leather products and services for online sale. FAC at ¶¶ 10, 25.

After "analyzing the Defendant's website," Plaintiff decided to purchase a wallet offered on the Website because, among other reasons, (1) it is made of high-quality leather, (2) it can fit in his pants pockets, (3) it can be purchased with a customized engraving, which would make identifying the wallet by touch easier, and (4) he likes and collects leather accessories. FAC at ¶¶ 10, 37. Plaintiff alleges that he was unable to complete a purchase on Holzleather.com due to numerous "access barriers that prevent free and full use by Plaintiff and blind persons using keyboards and screen-reading software." FAC at ¶ 29. For example, the Website fails to include navigational links, contains inadequate labeling, has inaccessible drop-down menus, lacks alt-text on graphics, and requires the use of a mouse to complete a transaction. FAC at ¶¶ 29–34.

Plaintiff filed this action on September 11, 2023 asserting claims under Title III of the Americans with Disabilities Act ("ADA"), the New York State Human Rights Law, and the New York City Human Rights Law. ECF No. 1. On February 22, 2024, Defendant moved to dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(1), for lack of subject matter jurisdiction, and 12(b)(2), for lack of personal jurisdiction. ECF No. 13.

**LEGAL STANDARD**

**I.      Motion to Dismiss for Lack of Subject Matter Jurisdiction**

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Id*. (internal citation omitted). In resolving a motion to dismiss for lack of subject matter jurisdiction, "the court must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of plaintiff." *Nat. Res. Def. Council v. Johnson*, 461 F.3d 164, 171 (2d Cir. 2006) (internal citation omitted). A court may also consider evidence outside the pleadings, such as affidavits and exhibits. *See Makarova*, 201 F.3d at 113. "When a claim arises from a civil rights statute, such as the ADA, courts must exercise special care in conducting a standing analysis. The Supreme Court has instructed courts to take a broad view of constitutional standing in civil rights cases, especially where, as under the ADA, complaints by private persons are the primary method of obtaining compliance with the Act." *Paulino-Santos v. Metro. Transit Auth.*, No. 23-CV-3471 (JGLC), 2024 WL 1363574, at *5 (S.D.N.Y. Mar. 29, 2024) (cleaned up).

**II.     Motion to Dismiss for Lack of Personal Jurisdiction**

"On a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of showing that the court has jurisdiction over the defendant." *Metro. Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 566 (2d Cir. 1996). "To meet this burden where there has been no discovery or evidentiary hearing, the plaintiff must plead facts sufficient for a *prima facie* showing of jurisdiction." *Quezada v. U.S. Wings, Inc.*, No. 20-CV-10707 (ER), 2021 WL 5827437, at *5 (S.D.N.Y. Dec. 7, 2021) (internal citation omitted). Courts "construe the

pleadings and affidavits in the light most favorable to the plaintiff, resolving all doubts in their favor." *Romero v. 88 Acres Foods, Inc.,* 580 F. Supp. 3d 9, 14 (S.D.N.Y. 2022) (quoting *Porina v. Mayward Shipping Co., Ltd.*, 521 F.3d 122, 126 (2d Cir. 2008)).

## DISCUSSION

The Court first finds that Plaintiff alleged sufficient facts to plausibly support that he suffered an injury under the ADA. Next, the Court determines that Plaintiff failed to establish personal jurisdiction under N.Y. C.P.L.R. § 302(a)(1), New York's long-arm statute. Because the Court finds that Plaintiff's inability to establish personal jurisdiction is a function of Defendant's alleged accessibility barriers, it orders the parties to engage in limited jurisdictional discovery.

**I.      Plaintiff Alleges Sufficient Facts to Support Article III Standing**

Defendant argues that Plaintiff has failed to state a concrete injury sufficient to support Article III standing because he did not establish a threat of future injury. *See* ECF No. 14 at 5–8. In the ADA context, the Second Circuit has found standing where a plaintiff (1) alleges past injury under the ADA, (2) it is reasonable to infer from the complaint that the discriminatory treatment will continue; and (3) it is reasonable to infer that the plaintiff intends to return to the website. *See Guglielmo v. Nebraska Furniture Mart, Inc.*, No. 19-CV-11197 (KPF), 2020 WL 7480619, at *3 (S.D.N.Y. Dec. 18, 2020) (quoting *Harty v. Greenwich Hosp. Grp., LLC*, 536 F. App'x 154, 154–55 (2d Cir. 2013)). "In the virtual world, the third requirement can be met by non-conclusory, plausible factual allegations from which it is reasonable to infer, based on the past frequency of visits and the plaintiff's articulated interest in the products or services available on the particular website, that the plaintiff intends to return to the website." *Loadholt v. Dungarees, Inc.*, No. 22-CV-4699, 2023 WL 2024792, at *2 (S.D.N.Y. Feb. 15, 2023) (citing *Harty v. W. Point Realty, Inc.*, 28 F.4th 435, 443 (2d Cir. 2022)).

4

Plaintiff has alleged facts that plausibly support Article III standing, including that he suffered a past injury, that discriminatory treatment will continue, and that because of his interest in the product's features, he intends to return to Defendant's Website once the defects are cured.

The FAC states that Plaintiff suffered an injury and outlines the specific accessibility barriers that hindered Plaintiff's ability to independently use and navigate the Website, such as "the lack of navigation links, inaccurate landmark structure, inaccurate heading hierarchy, hidden elements on the web page, inaccessible drop-down menus, redundant links where adjacent links go to the same URL address, lack of alt-text on graphics, changing of content without advance warning, and the requirement that transactions be performed solely with a mouse." FAC ¶¶ 29–36; *see also Sanchez v. NutCo, Inc.*, No. 20-CV-10107 (JPO), 2022 WL 846896, at *2 (S.D.N.Y. Mar. 22, 2022) (finding injury requirement met where plaintiff described "the nature of the Website's barriers and how his injury is traceable to them").

Further, the FAC alleges facts sufficient to infer that, unless remedied, the Website's accessibility barriers will continue to impede Plaintiff's attempts to complete a purchase order. Specifically, Plaintiff visited Defendant's Website on three separate occasions and was unable to buy the desired wallet. FAC. ¶ 36. *See Tavarez v. Moo Organic Chocolates, LLC*, 641 F. Supp. 3d 76, 82 (S.D.N.Y. Nov. 21, 2022) (finding likelihood that discriminatory conduct will continue sufficiently pled where plaintiff "visited Defendant's website on three occasions, and its accessibility barriers have not been addressed"); *Davis v. Wild Friends Foods, Inc.*, No. 22-CV-04244 (LJL), 2023 WL 4364465, at *5 (S.D.N.Y. July 5, 2023).

Finally, Plaintiff's allegations support a reasonable inference that, once the accessibility barriers are remedied, he intends to purchase the leather wallet from Defendant's Website. Indeed, the FAC details specific reasons why Plaintiff desires to purchase one of Defendant's

wallets, including his interest in leather goods, the convenient size of the wallet, and quality of the leather. Notably, the wallet's customized engraving feature is helpful to Plaintiff as a visually impaired person who relies on touch. These allegations are sufficient to establish Plaintiff's intent to return to the Website. *See Davis*, 2023 WL 4364465, at *6 (intent to return sufficiently pled where plaintiff "provides details about his past visits to the Website, including what item he hoped to purchase, . . . alleges that he has visited the Website on five prior occasions in order to purchase organic honey sunflower butter and details the dates of those visits, . . . [and] alleges that he enjoys honeyed butter, is generally interested in organic food as part of his diet, and was interested in trying a new brand to enjoy a healthy and tasty new food"); *Guerrero v. Ogawa USA Inc.*, No. 22-CV-2583 (LGS), 2023 WL 4187561, at *3 (S.D.N.Y. June 26, 2023) (finding plaintiff intended to return to defendant's website based on allegations that plaintiff "wants to purchase a unique, differentiated and highly valuable [chair] and has tried to do so on three specific dates."); *Tavarez*, 641 F. Supp. 3d at 82–83 (intent to return established where plaintiff specified the three dates he tried to access defendant's website, the product he sought to buy, "his habit of consuming chocolate, and characteristics of Defendant's Almond Mini Bars that he finds attractive").

Accordingly, Plaintiff has pled sufficient facts to establish standing in this case; Defendant's motion to dismiss pursuant to Rule 12(b)(1) is DENIED.

## II.   The Court Lacks Personal Jurisdiction

The FAC contains insufficient allegations to establish personal jurisdiction over Defendant, an Alabama corporation with no physical presence in New York. "To determine the existence of personal jurisdiction over a non-domiciliary, the Court engages in a two-part analysis. First, the Court determines whether there is jurisdiction over the defendant pursuant to

the relevant forum state's laws. Second, the Court determines whether an exercise of jurisdiction is consistent with the Due Process Clause." *Romero*, 580 F. Supp. 3d at 15 (cleaned up) (citing *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 171 F.3d 779, 784 (2d Cir. 1999)).

Here, Plaintiff's basis for jurisdiction is premised on New York's long-arm statute, N.Y. C.P.L.R. § 302(a)(1). *See* ECF No. 17 at 15. "To establish jurisdiction under Section 302(a)(1), Plaintiff must allege that: (1) Defendant has 'transacted business' in New York, and (2) the claim asserted arises from that business activity." *Guglielmo v. JEGS Auto., Inc.*, No. 20-CV-5376 (LJL), 2021 WL 1026168, at *3 (S.D.N.Y. Mar. 17, 2021) (quoting *Eades v. Kennedy PC L. Offs.*, 799 F.3d 161, 168 (2d Cir. 2015)).

Plaintiff failed to plausibly allege that Defendant has transacted business in New York. "Operating a website that may be accessed from New York, without more, does not bring the operator within jurisdiction of New York courts." *Camacho v. Vanderbilt University*, 18-CV-10694 (KPF), 2019 WL 6528974, at *3 (S.D.N.Y. Dec. 4, 2019). "Whether a website can be defined as a defendant's transaction of business in New York depends on the website's degree of interactivity.'" *Sanchez v. NutCo, Inc.*, No. 20-CV-10107 (JPO), 2022 WL 846896, at *4 (S.D.N.Y. Mar. 22, 2022) (internal citations omitted). A website that allows for the purchase and exchange of goods in New York is considered "interactive," and therefore may confer personal jurisdiction. *See Velazquez v. Don Roberto Jewelers, Inc.*, No. 22-CV-9247 (ER), 2024 WL 1312196, at *3 (S.D.N.Y. Mar. 27, 2024). "The mere existence of an interactive website that is accessible in New York, however, is not sufficient to exercise personal jurisdiction . . . [p]ersonal jurisdiction can be exercised only if Defendant used the Website to 'purposely avail' itself of the forum state." *Romero*, 580 F. Supp. 3d at 15 (internal citation omitted).

Defendant's Website is interactive because it permits for the purchase and exchange of goods. However, Plaintiff fails to provide any evidence demonstrating that Defendant has purposely availed itself of New York, including that New York customers have made purchases from Defendant's Website. Instead, Plaintiff lists a series conclusory allegations stating that Defendant has conducted businesswithin New York: (1) "Defendant conducts and continues to conduct a substantial and significant amount of business in" New York, (2) "Defendant purposefully targets and otherwise solicits business from New York State residents through its website," and (3) "Defendant offers to ship its goods to consumers in [New York], and has undoubtedly done so on a plethora of occasions." FAC ¶¶ 13–14.

These bare allegations, without more, are insufficient to establish that Defendant has transacted business in New York. *See Guglielmo*, 2021 WL 1026168, at *4 ("The fact that a New York consumer can purchase products from a company's website, without evidence that the consumer actually did make such purchases, does not alone establish personal jurisdiction.") (collecting cases); *Spin Master Ltd. v. 158*, 463 F. Supp. 3d 348, 364 (S.D.N.Y. 2020) ("Without allegations that there was purposeful availment of New York, such as through actual sales to New York or even perhaps active solicitation of the New York market, it cannot be said that a defendant 'transacted business' under N.Y. C.P.L.R. § 302(a)(1) so as to satisfy personal jurisdiction.").

However, "Plaintiff's failure to establish personal jurisdiction is, to some extent, a function of Defendant's own alleged wrongdoing." *Guglielmo*, 2021 WL 1026168, at *5. Had Plaintiff been able to complete a purchase on the Website in New York, he would have been able to establish personal jurisdiction. Defendant's alleged violations of the ADA, however, prevented Plaintiff from doing so. Plaintiff could also have attempted to establish personal jurisdiction by

8

demonstrating that Defendant has transacted with New York consumers. *Guglielmo*, 2021 WL 1026168, at *5 ("If, at the time of the filing of this action, Defendant was selling products through its Website to New York customers and at the same time displaying the Website to Plaintiff but denying him the access other New York customers had to purchase products, those facts would help to establish personal jurisdiction . . . ."). Defendant, however, is the sole source of information regarding its transactions.

"[I]n deciding a pretrial motion to dismiss for lack of personal jurisdiction a district court has considerable procedural leeway" and "may permit discovery in aid of the motion." *Dorchester Fin. Sec., Inc. v. Banco BRJ, S.A.*, 722 F.3d 81, 84 (2d Cir. 2013) (internal citation and quotation marks omitted). Additionally, where a defendant is the exclusive source for information relevant to establishing jurisdiction, a court "should allow a plaintiff an opportunity to conduct discovery on jurisdictional facts . . . ." *Togut v. Forever 21, Inc.*, 285 F. Supp. 3d 643, 648 (S.D.N.Y. 2018) (cleaned up).

Because Defendant played a role in Plaintiff's failure to assert personal jurisdiction, and because knowledge of the relevant jurisdictional facts lies with Defendant, the Court exercises its discretion to order the parties to engage in limited jurisdictional discovery. The discovery is limited to information answering the basic question of whether Defendant has transacted business within New York.

## CONCLUSION

For the reasons stated above, Defendant's motion to dismiss is DENIED, and the parties are ORDERED to engage in limited jurisdictional discovery. The parties shall have until **November 8, 2024** to conduct jurisdictional discovery. If, after the completion of that discovery,

9

Defendant has a good faith basis to do so, it may renew its motion to dismiss for lack of personal jurisdiction by **December 6, 2024.**

    The Clerk of Court is directed to terminate ECF Nos. 10 and 13.

Dated: August 9, 2024
       New York, New York

                              SO ORDERED.

*Jessica Clarke*

                              JESSICA G. L. CLARKE
                              United States District Judge